UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL BARRERA, et al., | No. 2:18-cv-00329-JAM-DB |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| CITY OF WOODLAND, SERGEANT KRAUSE, SERGEANT DAVIS, OFFICER WRIGHT, OFFICER GRAY, OFFICER LAL, et al., | |
| Defendant. | |

The mother, father, and children of decedent Michael Barrera ("Barrera") are plaintiffs in this action (collectively, "Plaintiffs"). Compl. at 2, ECF No. 1. They bring several federal and state law claims against Defendants, the City of Woodland, Sergeant Davis, Officer Wright, Officer Gray, Officer Lal, former Police Chief Dan Bellini, and 25 John and Jane Doe officers (collectively, "Defendants"). Id. at 2-4. Plaintiffs allege that, on February 8, 2017, Defendants used excessive force to restrain Barrera while he was suffering from a psychotic break. Id. at 4-5. The confrontation resulted in his death. Id. at 5. Plaintiffs

1

argue that the officers' use of force was excessive under the Fourth Amendment, and that it violated Barrera's substantive Due Process rights under the Fourteenth Amendment. Id. at 7-9.

Defendants bring this Motion to Dismiss, arguing the Section 1983 action under the Fourteenth Amendment fails to state a claim. Fed. R. Civ. Proc. 12(b)(6). Mot. Dismiss, ECF No. 15. For the following reasons, the Court grants Defendants' motion.

## I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

In deciding this motion, the Court takes the facts below as true.

In early February, Michael Barrera was walking outside his apartment, suffering a psychotic break. Compl. at 4. Concerned neighbors saw Barrera, and called the Woodland Police Department. Id. Officer Lal, along with Sergeants Davis and Krause later arrived at the scene. Id. They were all familiar with Barrera's history of mental illness. Id.

The officers ordered Barrera to get down on the ground. Krause had his sidearm drawn. Id. Lal and Davis were both equipped with tasers. When Barrera responded by walking away, Davis took him to the ground; Krause took hold of Barrera's arm, and Lal tased him. Id.

Krause continued to restrain Barrera. Id. Lal deployed his taser two more times, while Davis struck Barrera several times in the face. Id.

At some point, Officers Gray and Wright arrived. Id. Gray grabbed onto Barrera's legs as other officers secured Barrera in handcuffs. Id. Facedown in the mud, Barrera told the officers he couldn't breathe. Wright dug his knee into the back of

2

Barrera's shoulder. Id. Before becoming completely unresponsive, Barrera began to vomit. Id. at 5. He later died. Id. at 5.

## II. OPINION

The Federal Rules of Civil Procedure require a plaintiff to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). A pleading will be dismissed for failing to state a claim if the facts, as alleged, do not support a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

Defendants correctly argue that established law precludes a Section 1983 claim premised on substantive due process when plaintiffs my base their claim on a more specific provision of the Constitution. Graham v. Connor, 490 U.S. 386, 395 (1989) ("Where, as here, the excessive force claim arises . . . [during] an arrest or investigatory stop of a free citizen, it is most properly characterized as [] invoking the protections of the Fourth Amendment."); Albright v. Oliver, 510 U.S. 266, 273 (1994) (plurality opinion).

An important caveat modifies this line of precedent: to prompt the Graham limitation on substantive due process, the claim must squarely implicate a more specific provision. County of Sacramento v. Lewis, 523 U.S. 833, 843-44(1998). For example, in Lewis, the Court allowed a Section 1983 claim to be based on substantive due process because the officers' failure to seize Lewis kept their conduct outside the Fourth Amendment's reach. Id. Similarly, in Crown Point Dev., Inc. v. City of Sun Valley, 506 F. 3d. 851, 852-53 (2007), the Ninth Circuit explained that

Crown Point's claim could be tethered to substantive due process because the challenged regulation did not "substantially advance legitimate interests," and thus, fell outside the Takings Clause.

But here, Plaintiffs do not allege any facts to suggest that the excessive force claim falls outside the Fourth Amendment. Unlike in <u>Lewis</u>, the officers—by their own accounts—seized Barrera. Compl. at 4. <u>See</u> <u>also</u> <u>Cal. v. Hodari D.</u>, 499 U.S. 621, 624 (1991) (describing a "seizure" as a submission to an officer's show of authority). The Fourth Amendment's protections cover the officers' conduct following that seizure. <u>Id.</u> at 624.

As <u>Graham</u>, 490 U.S. at 395 explains, no more are the days when the Fourteenth Amendment could be used to bolster section 1983 claims against particularly egregious misconduct. If a more specific provision of the Constitution applies, substantive due process doesn't. <u>Id.</u>

Because <u>Graham</u>, 490 U.S. at 395 bars Plaintiffs from bringing a Section 1983 action rooted in substantive due process, their second claim fails to allege a plausible cause of action.

### III. ORDER

For the reasons set forth above, the Court GRANTS Defendant's Motion. The Court also finds that further attempts to amend the complaint would be futile and therefore the claim is dismissed with prejudice.

IT IS SO ORDERED.

Dated: September 21, 2018

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

4