STANLEY GOFF (Bar No. 289564)
LAW OFFICE OF STANLEY GOFF
15 Boardman Place Suite 2
San Francisco, CA 94103
Telephone: (415) 571-9570
Email: scraiggoff@aol.com

FULVIO F. CAJINA (Bar No. 289126)
LAW OFFICE OF FULVIO F. CAJINA
311 Oak Street, Suite 108
Oakland, CA 94607
Telephone: (415) 601-0779
Facsimile: (510) 225-2636
Email: fulvio@cajinalaw.com

Attorneys for Plaintiffs

BRUCE A. KILDAY, S.B. #66415
  Email: bkilday@akk-law.com
DERICK E. KONZ, S.B. #286902
  Email: dkonz@akk-law.com
**ANGELO, KILDAY & KILDUFF, LLP**
Attorneys at Law
601 University Avenue, Suite 150
Sacramento, CA  95825
Telephone: (916) 564-6100
Telecopier: (916) 564-6263

Attorneys for Defendants CITY OF WOODLAND, SGT. KRAUSE, SGT. DAVIS, OFFICER WRIGHT, OFFICER GRAY, OFFICER LAL

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL BARRERA, et al. | Case No.: 2:18-cv-00329-JAM-KJN |
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| CITY OF WOODLAND, SERGEANT KRAUSE, SERGEANT DAVIS, OFFICER WRIGHT, OFFICER GRAY, OFFICER LAL, et al., | |
| Defendants. | |

1

**[STIPULATED PROTECTIVE ORDER]**

**IT IS HEREBY STIPULATED** by and between Plaintiffs DANIEL BARRERA; CHRISTINE AMARO; MP, A MINOR BY AND THROUGH HER GUARDIAN AD LITEM JANET PALOMINO; MB, A MINOR BY AND THROUGH HER GUARDIAN AD LITEM JESSICA MCGEE (collectively, "Plaintiffs"); and Defendants CITY OF WOODLAND, SERGEANT KRAUSE, SERGEANT DAVIS, OFFICER WRIGHT, OFFICER GRAY, and OFFICER LAL (collectively, "Defendants"), by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality, the parties hereby enter into this protective order (this "Order"). This Order shall constitute a protective order pursuant to Fed. R. Civ. P. 26(c) and shall be enforceable as set forth therein. The Parties stipulate as follows:

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action could potentially involve production of confidential information not otherwise made public by SB 1421, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties stipulate and the court hereby issues the following Protective Order regarding production of confidential records.

2. DEFINITIONS

2.1 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 Discovery Material: all items or information, regardless of the medium or manner generated, that are (1) produced by any Party to this action under the discovery rules; (2) obtained via subpoena; or (3) generated as the result of a deposition. This is to include all items or information obtained pursuant to Fed. R. Civ. P. 26, 30, 31, 33, 34, 35, 36, and 45.

2.3 Receiving Party: a Party that receives Discovery Material

2.4 Producing Party: a Party or non-party that produces Discovery Material.

2.5 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a part or a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a party.

2.6 <u>Confidential Material</u>: any disclosure of Discovery Material that is designated as "CONFIDENTIAL" by a Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover all Confidential Material disclosed during the course of this litigation. This includes information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal disclosed material.

4. <u>DURATION</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

5. <u>CHALLENGING CONFIDENTIALITY</u>

5.1 <u>Timing of Challenges</u>. Unless a prompt challenge to the confidentiality of a disclosure is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge confidentiality by electing not to mount a challenge promptly after the information is disclosed.

5.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge must do so in good faith and must begin the process by conferring with counsel for the Producing Party. In conferring, the challenging Party must explain the basis for its belief that confidentiality is not proper and must give the Producing Party an opportunity to review the challenged material, to reconsider the circumstances, and to explain the basis for confidentiality. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

5.3 <u>Judicial Intervention</u>. A Party that elects to press a challenge to confidentiality may file and serve a motion under Civil Local Rule 230 (and in compliance with Civil Local Rule 141, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for challenge. The burden of persuasion in any such challenge proceeding shall be on the Producing Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled.

## 6. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

A Receiving Party shall use Confidential Material only for prosecuting, defending, or attempting to settle this litigation. Such material may be disclosed only to parties, counsel of record, and parties' experts. Attorneys who disclose such information to parties or experts must instruct them not to disclose the information to anybody and advise them of this protective order. Attorneys who disclose such information shall not provide copies of the material to parties in either physical or electronic form.

When the litigation has been terminated, a Receiving Party must comply with the provisions of section 9 below (FINAL DISPOSITION). Information must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

## 7. UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION

If a Receiving party learns that, by inadvertence or otherwise, it has disclosed information covered by this Protective Order to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately: (a) notify in writing opposing counsel of the unauthorized disclosures, (b) use best efforts to retrieve all copies of the information, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this protective order.

## 8. FILING CONFIDENTIAL MATERIALS

Without written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, A Party may not file in the public record in this action any Confidential Materials covered by this Order. A Party that seeks to file under seal any such information must comply with Civil Local Rule 141.

## 9. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, defined as the dismissal or entry of judgment by the district court, or if an appeal is filed, the disposition of the appeal, each Receiving party must return all Confidential Materials covered by this Order to the Producing Party. This includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any information covered by this Order. With permission in writing from the Producing Party, the Receiving Party may destroy some or all of the information instead of returning it. Whether the information is returned or destroyed, the Receiving Party must submit a written

certification to the Producing Party by the sixty day deadline that identifies the information that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the information covered by this Order. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product.

10. MISCELLANEOUS

10.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

10.2 Right to Assert Other Objections. This Protective Order does not limit any right the Parties have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, this Protective Order does not limit the Parties' right to object on any ground to use in evidence any of the material covered by this Protective Order.

10.3 Documents to be Controlled by Receiving Party. The Receiving party agrees to control Confidential Material that he/she receives. The Receiving Party agrees not to upload or post any Confidential Material to any online website and not to disclose any Confidential Material to any news organization.

**IT IS SO STIPULATED.**

Dated: 10-5-18　　　　　　　　　　　　　　**ANGELO, KILDAY & KILDUFF, LLP**

　　　　　　　　　　　　　　　　　　　　　　By __/s/ *Derick E. Konz*_____
　　　　　　　　　　　　　　　　　　　　　　Derick E. Konz
　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants


Dated: 10-5-18　　　　　　　　　　　　　　**LAW OFFICE OF FULVIO F. CAJINA**

　　　　　　　　　　　　　　　　　　　　　　By __/s/ *Fulvio F. Cajina*_____
　　　　　　　　　　　　　　　　　　　　　　Fulvio F. Cajina
　　　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiffs

# ORDER

Having considered the stipulation of the parties and good cause appearing, the court hereby APPROVES the parties' foregoing stipulation for protective order.

**IT IS SO ORDERED.**

Dated: October 11, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE