UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL BARRERA, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>CITY OF WOODLAND, et al.,<br><br>    Defendants. | No.  2:18–cv–329–JAM–KJN PS<br><br>ORDER TO SHOW CAUSE AND<br>ORDER ON DISCOVERY EXTENSION<br><br> (ECF No. 40, 51) |

      On July 22, 2020, plaintiffs' attorney Patrick Buelna filed a motion to withdraw as attorney and contemporaneous motion to extend discovery.  (ECF Nos. 39, 40.)  The undersigned ordered all discovery stayed pending resolution of counsel's motion to withdraw.  (ECF No. 48.)  Relevant here, the undersigned also ordered that within 30 days of resolution of that issue, the parties were to file a joint statement with the court with proposed discovery deadlines.  (Id.)  On August 19, 2020, the district court granted counsel's motion, and informed plaintiffs that if they did not find substitute counsel, this case would be referred to the undersigned pursuant to Local Rule 302(c)(21) (referring all pro se matters to a magistrate judge).  (ECF No. 49.)  Plaintiffs' former counsel served the withdrawal order on plaintiffs, and sent a text message to each of the plaintiffs regarding his withdrawal.  (ECF No. 50.)  On October 16, the district court reassigned this case to the undersigned and vacated all pending dates.  (ECF No. 52.)  This last order was returned to the court as undeliverable.  (See Docket entry for 10/23/2020.)

Thus, it appears the applicable deadline has now passed, and the court's records show that plaintiffs have failed to follow the undersigned's order regarding the submission of a joint statement. Correspondingly, defendants indicated in their October 15th filing that they attempted to contact plaintiffs to work on the joint statement and case schedule, but received no response.

The court has considered whether this action should be dismissed at this juncture due to this failure. See Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); see also Local Rule 183(b) ("A party appearing in propria persona shall keep the court and opposing parties advised as to his or her current address."). Nevertheless, in light of plaintiff's pro se status, and the court's desire to resolve the action on the merits, the court will attempt lesser sanctions by issuing this order to show cause. Accordingly, IT IS ORDERED:

1. Plaintiffs shall show cause in writing why this action should not be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) based on their failure to comply with the court's order, failure to prosecute this case, and failure to keep their address current. The court may withdraw this order if, within 14 days of this order, (a) plaintiffs file a declaration with the court explaining their failure to contact defendants to schedule new deadlines, and (b) plaintiffs actually contact defense counsel to confer on scheduling new deadlines;

2. Failure to timely comply with the terms of this order will result in a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b); and

3. Given the district court's order vacating all dates in this case, plaintiff's motion to extend discovery dates is denied as moot.

Dated:  October 27, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

buel.329

2